**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4522**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO WHITTED,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00353-D-1)

---

Submitted:  November 3, 2025                    Decided:  November 14, 2025

---

Before WILKINSON, QUATTLEBAUM, and BERNER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Damon J. Chetson, CHETSON FIRM, PLLC, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Mario Whitted with two counts of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924. The jury convicted Whitted on one of the charges but acquitted him on the other. The jury also found that Whitted had three prior convictions for violent felonies, committed on occasions different from one another. The district court sentenced Whitted under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 540 months' imprisonment.

On appeal, Whitted challenges the constitutionality of § 922(g)(1), the district court's denial of his motion to sever one of the § 922(g)(1) counts in the superseding indictment, and the application of the ACCA sentencing enhancement. Whitted's appeal was placed in abeyance pending this court's decisions in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), and *Collins v. Bondi*, No. 23-2218, 2025 WL 1409861 (4th Cir. May 15, 2025), *petition for cert. filed*, No. 25-458 (U.S. Oct. 10, 2025), and the Supreme Court's decisions in *Garland v. Range*, 144 S. Ct. 2706 (2024), and *United States v. Rahimi*, 602 U.S. 680 (2024). The appeal is now ripe for review. We affirm.

Whitted first argues that § 922(g)(1) is unconstitutional—and his conviction for being a felon in possession of ammunition is therefore infirm—following *New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation"). We considered and rejected the same argument in *Canada*, 123 F.4th at 161 (holding that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least *some* set of

2

circumstances" (internal quotation marks omitted)).  *Canada* therefore forecloses Whitted's facial challenge to § 922(g)(1).  With respect to Whitted's as-applied challenge, we have held, post-*Bruen*, that § 922(g)(1) convictions are not susceptible to as-applied Second Amendment challenges.  *United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025).  We therefore conclude that *Hunt* forecloses Whitted's as-applied challenge.

Whitted next challenges the district court's denial of his motion to sever one of the § 922(g)(1) charges of the superseding indictment, arguing that the charges were improperly joined under Fed. R. Crim. P. 8(a) and resulted in prejudice.  Two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "The prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding."  *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (citation modified).  Accordingly, "joinder is the rule rather than the exception."  *Id*. (internal quotation marks omitted).  We review de novo whether the initial joinder of the offenses was proper under Rule 8(a).  *Id*.

Even if offenses are properly joined, severance is appropriate if the defendant establishes that he would be prejudiced by the joinder.  Fed. R. Crim. P. 14(a).  However, "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012).  Under Rule 14(a), the defendant faces the "difficult task" of demonstrating that there was "a serious risk that a

3

joint trial would prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Blair*, 661 F.3d 755, 768 (4th Cir. 2011) (citation modified). We review the denial of a motion to sever for abuse of discretion. *Id*.

We conclude that joinder of the charges was proper under Rule 8(a). *See Hawkins*, 776 F.3d at 208 (explaining joinder of multiple charges involving the same statute "is an unremarkable example of offenses of the 'same or similar' character"). In addition, we conclude that the district court did not abuse its discretion in finding that Whitted had not made a sufficiently strong showing of prejudice to warrant severance. The district court instructed the jury to consider the counts independently, and the jury ultimately returned a verdict of guilty on one of the charges and not guilty on the other charge, further demonstrating that joinder of the charges did not pose "a serious risk" that the jury would not be able to make "a reliable judgment about guilt or innocence." *Blair*, 661 F.3d at 768 (internal quotation marks omitted).

Last, Whitted contests the enhancement of his sentence under the ACCA. Pursuant to the ACCA, a defendant convicted under § 922(g) who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of 15 years' imprisonment and an increased statutory maximum of life imprisonment. 18 U.S.C. § 924(e)(1). Whitted argues that he does not qualify for the ACCA enhancement because he was under the age of 18 when he committed the three predicate felonies and that at least one of his predicate felonies for North Carolina common law robbery is not a "violent felony" for purposes of the ACCA.

4

We review de novo the district court's legal determinations regarding the ACCA's applicability. *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005). Each of Whitted's arguments is foreclosed by our precedent. *See United States v. Lender*, 985 F.2d 151, 155-56 (4th Cir. 1993) (holding ACCA's "violent felony" can be applied to crimes committed as a minor); *United States v. Dinkins*, 928 F.3d 349, 352 (4th Cir. 2019) (holding North Carolina common law robbery qualifies as "violent felony" under the ACCA).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5